**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____

|  |  |  |
|---|---|---|
| | ) | |
| HERB CHAMBERS OF AUBURN, INC. | ) | |
| d/b/a HERB CHAMBERS HYUNDAI OF | ) | |
| AUBURN, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| HYUNDAI MOTOR AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

## COMPLAINT AND JURY DEMAND

### Introduction

1.     Plaintiff Herb Chambers of Auburn, Inc. d/b/a Herb Chambers Hyundai of Auburn ("Auburn Hyundai") brings this action to protest and stop defendant Hyundai Motor America, Inc.'s ("HMA") multiple violations of G.L. c. 93B, which governs the appointment of a new motor vehicle dealership into an existing dealership's relevant market area in Massachusetts.

2.     More specifically, HMA has once again announced its intention to try to appoint a new Hyundai dealership to be located at 180-182 Turnpike Road, Westborough, Massachusetts (the "Proposed Dealership"). HMA previously announced the same new Proposed Dealership at the same location but was forced to terminate its plans in apparent recognition that the appointment violated Auburn Hyundai's rights under G.L.c. 93B.  Under that statute, HMA must establish good cause to appoint a new dealership in Auburn Hyundai's backyard (and the backyard of at least three (3) other existing Hyundai dealerships). This it cannot do. The

1

Proposed Dealership will not provide additional sales or service opportunities to additional customers where those customers are already efficiently serviced by the existing dealerships, and will instead unfairly cannibalize and harm the sales and services already provided by the existing dealerships.

3.     HMA's attempt to appoint the Proposed Dealership now, in an already crowded marketplace, is particularly egregious where HMA has been and remains unable to allocate and supply sufficient vehicles to existing dealerships. HMA's addition of yet another dealer into the market will further reduce allocations to Auburn Hyundai and other existing dealerships. Additional, but not exhaustive, reasons why HMA lacks good cause based upon the statutory market factors to appoint the Proposed Dealership are alleged below.

4.     Critically, putting aside the market factors, HMA has also acted in bad faith in attempting to force the appointment of the Proposed Dealership. HMA has taken affirmative unfair and deceptive steps to improperly divest Auburn Hyundai of standing to protest the appointment under G.L. c. 93B. On or about June 1, 2022, HMA first advised Auburn Hyundai of its intention to appoint the Proposed Dealership to 180-182 Turnpike Road. HMA took the position that Auburn Hyundai did not have standing to protest the appointment because, according to HMA, the Proposed Dealership was located outside Auburn Hyundai's "relevant market area" as defined and calculated under G.L. c. 93B (i.e., not within 14 miles of the boundary of Auburn Hyundai). HMA knew this was untrue and that Auburn Hyundai did have the right to protest because the Proposed Dealership was in fact less than 14 miles away from Auburn Hyundai. Auburn Hyundai was forced to file a lawsuit against HMA protesting HMA's appointment of the Proposed Dealership. In recognition of Auburn Hyundai's right to protest and the lack of any good cause to appoint the Proposed Dealership to 180-182 Turnpike Road, HMA

was forced to withdraw the proposed appointment. Auburn Hyundai then voluntarily dismissed its lawsuit without prejudice.

5.    Now, less than two years later, HMA has renotified Auburn Hyundai that it was continuing with the same appointment of the same Proposed Dealership to the exact same location (180-182 Turnpike Road). HMA has again informed Auburn Hyundai that it does not have standing to protest the appointment because, according to HMA, the Proposed Dealership is outside Auburn Hyundai's relevant market area where HMA has conspired with the Proposed Dealership to manipulate the statute by shaving off an approximately 8-10 foot wide unused portion of the Proposed Dealership's property that was closest to Auburn Hyundai. Literally everything else about the Proposed Dealership, including without limitation its building, facilities, intended customer base, and all market factors remain the same. HMA's gamesmanship is the epitome of manufacturer bad faith made unlawful by G.L. c. 93B.

6.    Finally, any attempt by HMA to rely in this lawsuit on Auburn Hyundai's alleged pre-pandemic agreement ███████████████████████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████ also demonstrates HMA's further bad faith. Since the making of that agreement, and in violation of it, HMA has taken steps to ████████████████████ ████████████████████████████████ by intentionally allocating, or simply being unable to allocate, sufficient vehicles to Auburn Hyundai and the other existing dealerships that serve the Westborough primary market area than it has to other regions. In other words, in violation of the parties' agreement, HMA has itself caused any perceived market underperformance.

7.      Auburn Hyundai brings this action to vindicate its rights as an existing dealer under G.L. c. 93B, to permanently enjoin the appointment of the Proposed Dealership at 180-182 Turnpike Road, Westborough, Massachusetts, and to recover monetary damages from HMA.

## Parties

8.      Plaintiff Herb Chambers of Auburn, Inc. d/b/a Herb Chambers Hyundai of Auburn is a dealer, motor vehicle dealer, or dealership, as defined by G.L. c. 93B, § 1, located at 735 Southbridge Street, Route 12 & 20, Auburn, Massachusetts.

9.      On information and belief, defendant Hyundai Motor America, Inc. is a manufacturer or distributor, as defined by G.L. c. 93B, § 1, of new motor vehicles to franchised dealers in Massachusetts.  On information and belief, it is a California corporation with a principal place of business located at 10550 Talbert Avenue, Fountain Valley, California.

## Jurisdiction & Venue

10.      This Court has jurisdiction over this action pursuant to G.L. c. 93B, § 6(e), which provides in pertinent part that a "motor vehicle dealer . . . may file a complaint . . . in the federal district court for the district of Massachusetts . . . to . . . enjoin the proposed appointment. . . ." This Court has jurisdiction also because Auburn Hyundai seeks a declaratory judgment under 28 U.S.C. § 2201(a).

11.      This Court has original jurisdiction of the subject matter of this action under 28 U.S.C. § 1332, in that this is an action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.

12.      Venue is proper in this Court in the Central Division because Auburn Hyundai is located in Worcester County.

4

## Facts

### Background

13.    Auburn Hyundai and HMA are parties to a Dealer Sales and Service Agreement, dated May 31, 2010.

14.    HMA distributes new motor vehicles to various Hyundai-affiliated dealerships in Massachusetts, including Auburn Hyundai.

15.    Auburn Hyundai sells and services Hyundai products, including without limitation new motor vehicles.

16.    Paragraph 10(a)(1) of the HMA Dealer Sales and Service Agreement Standard Provisions provides in pertinent part the following:

> HMA will use its best efforts to provide Hyundai Products to DEALER subject to available supply from FACTORY, HMA's marketing requirements, and any change or discontinuance with respect to any Hyundai Product.
>
> HMA and DEALER recognize that certain Hyundai Products may be in short supply from time to time because of factors which are beyond the control of HMA and FACTORY.  Where such a shortage is determined by HMA to exist, HMA will endeavor to allocate the affected Hyundai Product(s) among its Dealers in a fair and equitable manner, as it may determine in its sole discretion.
>
> HMA agrees to provide DEALER with an explanation of the method used to distribute such products and, upon written request, will advise DEALER of total sales by model to all Dealers collectively in the Region and to DEALER individually.

17.    From time to time, HMA identifies primary marketing areas (PMAs) by geographic area for the purpose of evaluating a dealer's sales and service performance.

18.    From time to time, HMA identifies "points" within those PMAs where dealerships may be appointed to serve customers or potential customers.

19.    HMA has identified six (6) PMAs and corresponding points in the Worcester County area, including the Framingham PMA (Point 2), Acton PMA (Point 3), Auburn PMA

(Point 101), Westborough PMA (Point 103), Fitchburg PMA (Point 204) and Milford PMA

(Point 305):



20.    The Framingham PMA (Point 2), Auburn PMA (Point 101), Fitchburg PMA

(Point 204) and Milford PMA (Point 305) each have an existing Hyundai dealership appointed in

their respective PMA. Auburn Hyundai is located in the Auburn PMA (Point 101).

21.    The Westborough PMA and the Action PMA currently do not have dealerships

appointed to them, meaning that no Hyundai dealership is physically located within those PMAs.

**HMA's Initial Attempt to Appoint the Proposed Dealership to the Westborough PMA**

22.    On or about June 1, 2022, HMA sent a letter to Auburn Hyundai informing it of HMA's intent to appoint the Proposed Dealership to the Westborough PMA to be located at 180-182 Turnpike Road, Westborough, Massachusetts. The letter provided:

> We are writing to advise you that Hyundai Motor America intends to establish an additional Hyundai dealership at 180-182 Turnpike Road, Westborough, Massachusetts 01581. The dealer will be Automotive Management Services, Inc. or its designee. Although the dealership will not be within the relevant market area of Herb Chambers Hyundai of Auburn as defined in Mass. Gen. Law Ch. 93B, § 1, we are advising you as our business partner. HMA intends to enter into a dealer agreement with the new dealer on or after September 30, 2022.

23.    Notably, HMA's purported notice offered no market justification whatsoever.

24.    Contrary to HMA's assertion in its letter, the Proposed Dealership was (and still is) within Auburn Hyundai's relevant market area, as defined and calculated by G.L. c. 93B, § 1, because the distance between the property lines of the addresses of the Auburn Hyundai dealership and the Proposed Dealership was 13.96 miles. Consequently, Auburn Hyundai had (and has) the right to protest the appointment of the Proposed Dealership.

25.    On information and belief, when calculating whether the Proposed Dealership was within Auburn Hyundai's relevant market area, HMA intentionally failed to include "Parcel A" as depicted in a Plan of Land recorded at Plan Book 906 Plan 81, which was conveyed to 180 Turnpike Road, LLC, with a mailing address of 180 Turnpike Road, Westborough, Massachusetts, by Quitclaim Deed and recorded at Book 52232 Page 86.

26.    When HMA provided Auburn Hyundai with a map showing the boundaries of the Proposed Dealership, the boundaries did not include "Parcel A" alleged above.

27.    On or about June 28, 2022, Auburn Hyundai sent a letter to HMA that, *inter alia*, objected to the appointment of the Proposed Dealership.

28.     On or about August 10, 2022, representatives of Auburn Hyundai and HMA met in person, as required by statute, to attempt to reach a mutually agreeable resolution. The meet and confer was unsuccessful.

29.     On or about August 29, 2022, Auburn Hyundai filed a lawsuit against HMA in Massachusetts Superior Court, Worcester County, in an action styled *Herb Chambers of Auburn, Inc. d/b/a Herb Chambers Hyundai of Auburn v. Hyundai Motor America*, C.A. No. 2285CV102B. In that lawsuit, Auburn Hyundai alleged, *inter alia*, that it had standing to protest the appointment of the Proposed Dealership and that HMA did not have good cause to appoint the Proposed Dealership.

30.     On or about September 19, 2022, HMA informed Auburn Hyundai in writing that it formally withdrew the appointment of the Proposed Dealership. The letter provided in pertinent part the following:

> This letter is to notify you that Hyundai Motor America ("HMA") is formally withdrawing the Notice of Establishment of the Hyundai Dealership in Westborough Open Point sent to you, as a courtesy, on June 1, 2022 (a copy of that notice is attached hereto).
> HMA reserves all rights afforded to it by all applicable laws, rules and regulations, including, but not limited to, providing any new notice of establishment in the future.

31.     On or about September 27, 2022, Auburn Hyundai dismissed without prejudice the lawsuit against HMA.

### HMA's Bad Faith Manipulation of the Property Boundary in an Attempt to Appoint the Proposed Dealership to the Westborough PMA

32.      On or about January 31, 2024, HMA sent another letter to Auburn Hyundai informing it of HMA's renewed intent to appoint the Proposed Dealership to the Westborough PMA at the same location (180-182 Turnpike Road, Westborough, Massachusetts). The letter provided in pertinent part the following:

We are writing to advise you that Hyundai Motor America intends ("HMA") to establish an additional Hyundai dealership in the Hyundai Westborough Open Point Primary Market Area. HMA intends to enter into a dealer agreement with the new dealer on or after May 15, 2024.

The dealer will be Automotive Management Services, Inc. or its designee.  Westborough Hyundai will be located at 180-182 Turnpike Road, Westborough, Massachusetts 01581 ("the Proposed Location"). Legal descriptions and surveys of the Proposed Location are attached as **Exhibits A and B** respectively. Attached as **Exhibit C** is a map showing the Westborough Open Point Primary Market Area ("Westborough PMA") (Location 1 in yellow).  The distance between the closest points at Herb Chambers Hyundai of Auburn and the Proposed Location is 14 miles and 1.77 feet. (Attached as **Exhibit D** is a certified measurement by a licensed surveyor.) **Because the distance between Herb Chambers Hyundai and the Proposed Location is greater than 14 miles, Westborough Hyundai will not be located within the Relevant Market Area of Herb Chambers Hyundai as defined in Mass. Gen. Law Ch. 93B, § 1.**  Although the dealership will not be within the relevant market area of Herb Chambers Hyundai, we are advising you as our business partner and in an abundance of caution.  This notice should not be construed as any acknowledgement or admission by HMA that Herb Chambers Hyundai is entitled to statutory notice or has standing to protest the establishment of Westborough Hyundai.  HMA does not waive and specifically reserves all its rights and remedies with respect to the establishment of Westborough Hyundai.

33.    On or about March 15, 2024, Auburn Hyundai sent another letter to HMA that, *inter alia*, objected to the appointment of the Proposed Dealership.

34.    HMA's renewed notice, like its initial notice, incorrectly claimed that Auburn Hyundai does not have standing to protest the appointment of the Proposed Dealership to be located at 180-182 Turnpike Road, which is the same location where HMA previously announced its intention to appoint the Proposed Dealership in June 2022. Since then, HMA and the Proposed Dealership attempted to play a game to try and manipulate the geography in an effort to prevent Auburn Hyundai from protesting what is the very same appointment HMA started in 2022.

35.    More specifically, HMA and the Proposed Dealership have, in bad faith, sliced approximately 8 to 10 feet off a portion of the property line of the Proposed Dealership that was closest to the Auburn Hyundai dealership in an effort to avoid the consequences of its 2022 announcement. But as HMA and the Proposed Dealership are no doubt aware, the proposed appointment is the same appointment they started in 2022 which all parties agree Auburn

Hyundai had every right to protest. The building and facilities where the Proposed Dealership intends to operate have not changed. The Proposed Dealership's business plan and potential customer base has not changed. The likely devastating impact on Auburn Hyundai of the threatened appointment has not changed.

36.    On or about April 23, 2024, as required by statute, representatives of Auburn Hyundai and HMA met to attempt to reach a mutually agreeable resolution. The meet and confer was unsuccessful.

**<u>Auburn Hyundai Has Not Waived the Right to Protest the Appointment of the Proposed Dealership</u>**

37.    On or about December 21, 2016, HMA, Auburn Hyundai and certain other dealerships entered into a settlement agreement (the "Settlement Agreement").

38.    Paragraph 5 of the Settlement Agreement in pertinent part provides:



39.    Paragraph 6 of the Settlement Agreement provides:



40.    As part of the Settlement Agreement (and attached thereto at Exhibit E), Auburn

Hyundai and HMA entered into a No-Protest Agreement for the Westborough Open Point.

Paragraph 8 of the No-Protest Agreement provides:



41.    Auburn Hyundai has not waived its right to protest the appointment of the

Proposed Dealership to the Westborough PMA because the conditions necessary for the

contractual waiver have not occurred.

42.    Even assuming *arguendo* ████████████████████████████████

████████████████, HMA is the sole cause of this rate and Auburn Hyundai may still protest

the appointment of the Proposed Dealership. HMA was unable to supply necessary vehicle

inventory during the Covid-19 pandemic and itself caused any deviation from ████████████

████████ for a period of time. Additionally, Auburn Hyundai shut down for a period of time

in accordance with the Massachusetts emergency orders because of the pandemic. The force

majeure provision in the HMA Dealer Sales and Service Agreement excuses any purported

underperformance by Auburn Hyundai. On information and belief, other dealerships in

Massachusetts and across the country did not shut down. Consequently, the ████████

████████ in the Westborough PMA was reduced. There is a direct correlation between

Auburn Hyundai's Registration Efficiency (a standard metric that is the same or similar to

████████████████) and the pandemic. Before April 2020, Registration Efficiency for the

Auburn PMA was consistently above 100%. Beginning April 2020, Registration Efficiency for

the Auburn PMA has been below 100%.

43.    Moreover, and critically, it appears HMA in bad faith strategically allocated less

vehicles to Auburn Hyundai and other existing dealerships that serve the Westborough PMA

than it has to other dealerships in Massachusetts, thereby driving down the ████████

████████████████████████. HMA has also delayed deliveries of already allocated

vehicles to Auburn Hyundai, sometimes by multiple months, which lowers ████████

████████████████████████████. Accordingly, HMA's own

breach of the Settlement Agreement in failing to supply necessary inventory to Auburn Hyundai

and other surrounding dealers over a significant period of time was the critical and material

factor which purportedly prevented the ██████████████████████████████████

12

████████. HMA cannot rely upon a number which its own actions caused Auburn Hyundai to miss.

### HMA Lacks Good Cause for the Proposed Dealership Appointment and the Appointment is Arbitrary and in Bad Faith

44.     HMA does not have good cause to appoint the Proposed Dealership to the Westborough PMA, and is doing so in bad faith or in an arbitrary or unconscionable manner.

45.     In addition to the above, on April 24, 2024 – literally the day after the parties had an unsuccessful meet and confer on April 23, 2024 – HMA sent Auburn Hyundai a notice that it was auditing Auburn Hyundai's dealer warranty process.

46.     Any suggested underperformance in the Westborough PMA is, under any calculation methodology, minimal and fully explained by HMA's failure to provide sufficient inventory as alleged above. Given HMA's bad faith efforts to try and manipulate the geography described above, there is additional reason to believe that HMA strategically allocated less vehicles to Auburn Hyundai and other existing dealerships that serve the Westborough PMA than it has to other dealerships in Massachusetts, thereby driving down the ████████ ████████ for the Westborough PMA. Indeed, in a similar protest action filed by another Hyundai dealer against HMA, that dealer has also alleged that HMA failed to provide adequate inventory necessary for it to meet HMA's own sales expectation numbers. *See Hyundai Motor America, Inc. v. Pride Hyundai of Lynn, Inc. d/b/a Pride Hyundai of Lynn*, C.A. No. 1:24-cv-10129-NMG, Doc. 4, Counterclaim, ¶¶25-27.

47.     Appointing the Proposed Dealership to the Westborough PMA will not serve additional customers, increase overall sales or service of Hyundai vehicles, or provide additional value to existing customers because the Westborough PMA is already adequately served by the four (4) surrounding Hyundai dealerships. A better way to increase sales in Massachusetts

without hurting Auburn Hyundai and the surrounding dealerships is to appoint a new dealer in another open point, such as the open point in the Acton PMA.

48.     If the appointment goes through, the Proposed Dealership will cannibalize the sales and services already provided by the existing dealerships. And the competition between these existing dealerships is increased given the multiple highways and other easily accessible roadways in the area.

49.     Auburn Hyundai and HMA know this firsthand. Herb Chambers Otis Street, Inc. d/b/a Herb Chambers Hyundai of Westborough previously owned and operated a Hyundai dealership in the Westborough PMA. Herb Chambers Hyundai of Westborough sold the dealership assets and goodwill to another entity because it was cannibalizing Auburn Hyundai's sales and services, and the purchasing entity relocated the dealership out of Westborough to Milford, Massachusetts and away from the other PMAs with existing dealerships. HMA understood and approved these transactions.

50.     Auburn Hyundai has also sufficiently served PMAs other than the Auburn PMA, including the Westborough PMA. Auburn Hyundai has substantially increased the percentage of new vehicle sales to PMAs other than the Auburn PMA since 2020.  Since at least January 2022, Auburn Hyundai's monthly turn rate has been well above the average monthly turn rates for the Boston district.

51.     Auburn Hyundai has provided a satisfactory level of customer care and service, and has adequate sales and service facilities to meet the needs of consumers. As HMA knows full well, the vast majority of customer service issues are the direct result of HMA's own failure to properly and timely respond to and address the problems with its' defective engines. Herb Chambers is the largest automotive dealer in New England because he takes care of his clients.

14

This was demonstrated during this time-period. Auburn Hyundai did not turn down Hyundai clients even though they were not pre-existing Auburn Hyundai clients (until such time that the issue became unmanageable and it became evident that HMA would not be assisting). At that time, there were over 100 disabled vehicles on the dealership property due to the engine issue. Also, HMA representatives asked Auburn Hyundai on multiple occasions to take on other dealer's clients. Auburn Hyundai accommodated these requests to be a good partner. All the while, Auburn Hyundai supplied loaner vehicles to these clients for far longer than HMA was willing to pay for. This was to the detriment of Auburn Hyundai to the sum of approximately $1,000,000.

52.    In addition, Auburn Hyundai's requests to HMA for assistance and/or flexibility to have some of this work done by other Herb Chambers technicians at other locations were denied or just not responded to by HMA. This left Auburn Hyundai with more work than the shop could handle, which in turn hurt the ongoing service business and affected the CSI scores. All of this was previously communicated to HMA on or about June 22, 2023.

53.    Appointment of the Proposed Dealership to the Westborough PMA will not benefit the public. There is already sufficient competition between existing dealerships which keeps the price for vehicles and services in check. The public will benefit if HMA simply allocates more vehicles to Auburn Hyundai and the existing dealerships that serve the Westborough PMA.

54.    Adding another dealership that will require its own allocation of vehicles will further strain HMA's ability to allocate vehicles to Auburn Hyundai and the other existing dealerships, and will prejudice existing and potential customers in the respective PMAs. A better

way to increase sales in Massachusetts without hurting Auburn Hyundai and the surrounding

dealerships is to appoint a new dealer in another open point.

55.     Auburn Hyundai and the existing Hyundai dealerships will be prejudiced by the

appointment of the Proposed Dealership. Auburn Hyundai has devoted substantial financial and

other resources to perform its obligations under the Dealer Sales and Service Agreement with

HMA. In addition to the cost of purchasing the dealership and its property, it spent

approximately $2 million in renovations in 2013. On advertising alone, it spent at least $2

million since 2018. These investments would be wasted or seriously marginalized, and usurped

by the Proposed Dealership if the proposed appointment goes through.

56.     In addition, the Proposed Dealership will be given an unfair advantage because

HMA will provide it with allocations of approximately 150-200 new vehicles. And where

additional allocations are calculated based on the volume of recent sales, new dealerships

continually receive higher allocations than existing dealerships. The new vehicles allocated to

the Proposed Dealership will be far greater than the number of new vehicles allocated to Auburn

Hyundai.

57.     Auburn Hyundai has satisfied all requirements necessary to bring this action.

**Causes of Action**

**Count I**
**Violation of G.L. c. 93B, § 6**

58.     Auburn Hyundai incorporates herein by reference its allegations set forth above.

59.     General Laws c. 93B, § 6(a) provides, in pertinent part, the following:

it shall be a violation of subsection (a) of section 3 for a manufacturer, distributor
or franchisor representative without good cause, in bad faith or in an arbitrary or
unconscionable manner to: (1) grant or enter into a franchise agreement with a
person who would be permitted under or required by the franchise agreement to
conduct its dealership operations from a site any boundary of which is situated

within the relevant market area of an existing motor vehicle dealer representing the same line make…

60.     The relevant market area, as defined by G.L. c. 93B, § 1, is the "entire land mass encompassed in a circle with a radius of 14 miles from any boundary of" the Auburn Hyundai dealership.

61.     General Laws c. 93B, § 6(c) provides, in pertinent part, the following:

Any manufacturer or distributor which intends to grant or enter into an additional franchise agreement … shall, at least 90 days before granting the additional franchise, entering into the franchise agreement or approving the relocation, send written notice of its intention to do so to each motor vehicle dealer with a franchise agreement covering the same line make into whose relevant market area the proposed new franchise or relocated dealer will be located. The notice shall state the effective date on or after which the proposed franchise shall be granted or entered into or relocation approved, list specific grounds forming the basis for the appointment or relocation based upon information known by the manufacturer or distributor at the time that the notice is sent, and state the address to which any protest hereunder shall be delivered or sent.

62.     The Proposed Dealership is within Auburn Hyundai's relevant market area.

63.     HMA does not have good cause to appoint the Proposed Dealership to 180-182 Turnpike Road, Westborough, Massachusetts because, among other reasons, the Proposed Dealership is not warranted by economic and marketing conditions, of the investments made by Auburn Hyundai into its dealership operations, of the inability of HMA to provide sufficient inventory to allow Auburn Hyundai and other dealers to adequately serve the Westborough PMA, of the irreparable harm that will be suffered by Auburn Hyundai resulting from the loss of its sales and service business, and of the harm that will be imputed to the general public.

64.     HMA is also acting in bad faith or in an arbitrary or unconscionable manner as exemplified by the facts that, among other things, it has taken the position that Auburn Hyundai does not have standing to protest the appointment of the Proposed Dealership despite knowing full well that the Proposed Dealership simply carved off 8-10 feet of its property to attempt to get

beyond the 14-mile distance and strip Auburn Hyundai of its protest rights under G.L. c. 93B; and noticing a warranty audit the day after the parties unsuccessfully attempted to resolve this matter.

65.     HMA's withdrawal of its prior notice is a judicial admission which it cannot avoid. Its' latest efforts relate to the very same appointment. The transparent attempt to eliminate Auburn Hyundai's rights under c. 93B is unfair and deceptive, is a sham, and it violates both the letter and clear purpose of the statute.

66.     It also appears that HMA artificially reduced the purported ███████ ████████ for the Westborough PMA by limiting its allocation of new vehicles to Auburn Hyundai and other existing dealerships that serve the Westborough PMA.

67.     Auburn Hyundai has not waived its right to protest the appointment of the Proposed Dealership.

68.     As a result, HMA should be enjoined from appointing the Proposed Dealership to the Westborough PMA. If the Proposed Dealership is appointed to the Westborough PMA, Auburn Hyundai will suffer damages in an amount to be determined at trial.

**Count II**
**Declaratory Judgment**

69.     Auburn Hyundai incorporates herein by reference its allegations set forth above.

70.     An actual controversy exists between the parties concerning whether the Proposed Dealership is located within Auburn Hyundai's relevant market area.

71.     An actual controversy exists between the parties concerning whether ███████ ███████████████████████████████████████████ according to the terms of the applicable agreements.

18

72.     For the reasons alleged above, Auburn Hyundai is entitled a judgment declaring that the Proposed Dealership is within Auburn Hyundai's relevant market area, that Auburn Hyundai has not contractually waived its right to protest the appointment of the Proposed Dealership, and that Auburn Hyundai has standing to protest the appointment of the Proposed Dealership.

WHEREFORE, Auburn Hyundai respectfully request that the Court:

a.  Enter judgment in favor of Auburn Hyundai and against HMA on all Counts in the Complaint;

b.  Enter judgment in favor of Auburn Hyundai and against HMA on Count II in the Complaint, specifically declaring that (i) the Proposed Dealership to be located at 180-182 Turnpike Road, Westborough, Massachusetts is located within Auburn Hyundai's relevant market area, as defined by G.L. c. 93B, § 1, (ii) ███████ ████████████████████████████████████████████████ ████████████████████████████, and (iii) HMA cannot rely on ████████████████████ and the pre-pandemic agreement not to protest an appointment to the Westborough PMA;

c.  Permanently enjoin the appointment of the Proposed Dealership;

d.  Award Auburn Hyundai damages in an amount to be determined at trial;

e.  Award Auburn Hyundai its costs of litigation and attorneys' fees pursuant to G.L. c. 93B, § 15(c);

f.  Award Auburn Hyundai interest; and

g.  Award Auburn Hyundai such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Auburn Hyundai requests a jury on all claims and issues so triable.

Respectfully submitted,

HERB CHAMBERS OF AUBURN, INC. d/b/a
HERB CHAMBERS HYUNDAI OF AUBURN,

By its attorneys,

*/s/ Ian Pinta*
Howard M. Cooper, Esq. (BBO # 543842)
Ian J. Pinta, Esq. (BBO # 667812)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
617-720-2626
hcooper@toddweld.com
ipinta@toddweld.com

Dated: April 26, 2024